IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KAREN ARVESON,<br><br>         Plaintiff,<br>vs.<br><br>MONTANA DHHS, GLENDIVE CPS, and ANN SHEEHY YEGEN,<br><br>         Defendants. | CV 16-38-BLG-CSO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** and **DENYING PLAINTIFF'S MOTIONS** |

Plaintiff Karen Arveson ("Arveson"), appearing *pro se*, has filed a complaint against Defendants Montana Department of Public Health and Human Services ("DPHHS"),[1] Glendive Child Protective Services ("CPS"), and Ann Sheehy Yegen, Assistant Attorney General for the State of Montana ("Yegen") (Defendants collectively "DPHHS"). Arveson claims that DPHHS violated her civil rights under 42 U.S.C. § 1983 respecting its handling of child abuse and neglect cases involving her children. *Cmplt. (ECF No. 1) at 2, 7-9, 11-12.*[2] For her relief, she

---

[1] Although Arveson refers to this entity as DHHS, its full name is the Department of Public Health and Human Services. See MCA § 53-1-601, et seq.

[2] "ECF No." refers to the the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* References to page numbers are to those assigned by the electronic filing system.

seeks immediate return of her three children, a "state wide audit," the holding accountable of DPHHS employees "for tampering, altering, fraud, [and] negligence[,]" and $13.7 million with "1 million donated to [a] nation[al] center for missing and endangered children, 1 million donated to the Glendive Police Department to help fight abuse[, and] 1 million donated to Domestic Violence[.]" *Id. at 13*.

On May 31, 2016, upon the written parties' consent, this case was assigned to the undersigned. *Notice of Assignment to United States Magistrate Judge (ECF No. 11)*. The following motions are pending:

1. DPHHS' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., (*ECF No. 7*);

2. Arveson's motion to strike DPHHS' brief in support of its motion to dismiss (*ECF No. 12*);

3. Arveson's "motion to object" (*ECF No. 15*), which is Arveson's response to DPHHS' motion to dismiss; and

4. Arveson's "request to combine cases" which is a motion (*ECF No. 16*) in which she asks the Court to combine court cases in which she has been involved over the past six years from state courts and Glendive City Court.

For the reasons that follow, the Court will grant DPHHS' motion to dismiss and deny Arveson's motions.

I.    **Arveson's Allegations**

Although her Complaint is difficult to decipher, Arveson alleges that Glendive CPS and state employees have repeatedly interfered with her and her children. *ECF No. 1 at 11-12*. For example, she alleges: (1) DPHHS employees have made more than 30 visits to her home since 2012; (2) DPHHS employees have gone to her son's school more than 15 times; (3) police have conducted 14 welfare checks on her minor children; (4) CPS employees have gone to her workplace and conducted random drug tests; (5) DPHHS employees have interviewed her children without her present; and (6) her children have received inadequate care when they have not been in her care or custody. *Id*. The gist of Arveson's allegations is that DPHHS mishandled abuse and neglect cases involving her minor children, and she seeks the return of her children to her, plus the damages noted above. *ECF No. 1 at 13*.

II.   **DPHHS' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

DPHHS' motion to dismiss and supporting brief provide additional information on Arveson's allegations. DPHHS represents in its brief that Arveson's allegations arise from three "youth-in-need-of-care" cases pending in Montana's Seventh Judicial District Court,

Dawson County, Cause Nos. DN-15-008, DN-15-009, and DN-15-010. *DPHHS' Supporting Br. (ECF No. 8)*. In those cases, the state court issued orders declaring Arveson's three children "youths in need of care" and granting temporary legal custody of them to DPHHS. *See Exhibits A, B, and C to DPHHS' Supporting Brief (ECF No. 8-1, 8-2, and 8-3)*.

In seeking dismissal of this action for lack of subject matter jurisdiction, DPHHS argues that: (1) Arveson's Complaint fails as a matter of law because her allegations fall under the domestic relations exception to federal subject matter jurisdiction and the relief she seeks is purely a matter of state law, *ECF No. 8 at 3-5*; and (2) Arveson's Complaint is barred by the *Younger* abstention doctrine, *id. at 5-8*.

### III. Arveson's Motion to Strike DPHHS' Brief

Because DPHHS filed its motion to dismiss on May 18, 2016, Arveson's response brief was due June 8, 2016. *See* Local Rule 7.1(d)(1)(B)(I) ("Responses to motions to dismiss . . . must be filed within 21 days after the motion was filed."). She did not file a response brief labeled as such, but on June 3, 2016, Arveson filed a motion to strike DPHHS' brief in support of its motion to dismiss. *Mtn. to Strike*

*(ECF No. 12)*. To her motion, Arveson attached approximately 173 pages of exhibits, nearly all of which are documents from the three "youth-in-need-of-care" cases noted above. *See ECF Nos. 12-1, 12-2, and 12-3*. In her motion to strike, Arveson attempts to respond to DPHHS' motion to dismiss, arguing that DPHHS "continues to use allegations of abuse against the Plaintiff and use statements by other parties of said minors which isn't policy procedure in order to protect the minors when [DPHHS'] actions in this matter should be in question, [raising] questions of Abuse of Power, not upholding 18 U.S.C. § 3771 Crime Victims Rights, [and] violation of 8 U.S.C. § 1324c of Documentation Fraud." *ECF No. 12 at 2*.

On July 1, 2016, Arveson filed her "motion to object" and "request to combine cases." ECF 15 and 16. Although Arveson's motion to strike, motion to object, and request to combine cases are not denominated as such, the Court will treat them as her response to DPHHS' motion to dismiss. And, construing the *pro se* Arveson's documents liberally, as it must, the Court also will view her motion to strike as it is denominated – as a motion to strike DPHHS' brief supporting its motion to dismiss.

## IV. Discussion

Because Arveson's motion to strike DPHHS' brief necessarily impacts DPHHS' motion to dismiss, the Court addresses the motion to strike first.

### A. Arveson's Motion to Strike DPHHS' Supporting Brief

Arveson did not specify the basis for her motion to strike. Rule 12(f) governs motions to strike. It provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Rule 7(a), in turn, defines "pleadings" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Rule 7(a), Fed. R. Civ. P. Whether to grant or deny a motion to strike is left to the district court's discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

Here, DPHHS' brief is not a pleading as defined in Rule 7(a). Thus, Rule 12(f) does not provide Arveson with a basis for striking

DPHHS' brief. Even if Rule 12(f) did apply, however, motions to strike are viewed with disfavor and are rarely granted. *See U.S. v. Southern Cal. Edison Co.*, 300 F.Supp.2d 964, 973 (E.D. Cal. 2004) (citations omitted). "Such motions should be granted only where it can be shown that none of the evidence in support of an allegation is admissible." *Id*. Arveson has made no such showing.

Arveson also has not persuasively argued any other basis for striking DPHHS' brief. First, Arveson's citation to 18 U.S.C. § 3771 is not pertinent because that provision delineates crime victims' rights. Arveson fails to explain how this provision is relevant to this civil action, which she has brought against state actors.

Second, her citation to 8 U.S.C. § 1324c also is unavailing. That provision governs penalties for document fraud in the context of employment of aliens. Arveson does not explain the provision's applicability to this action, and none is apparent to the Court.

For the foregoing reasons, the Court will deny Arveson's motion to strike.

### B. DPHHS' Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) allows a defendant to raise the defense, by motion,

that the Court lacks subject matter jurisdiction over an entire action or over specific claims alleged in the action. A Rule 12(b)(1) motion attacking subject matter jurisdiction may be either a facial challenge to the allegations of a pleading, or a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

Here, in asserting that Arveson's allegations are insufficient to invoke this Court's jurisdiction as a matter of law because of the domestic relations exception and the *Younger* abstention doctrine, DPHHS makes a facial challenge to this Court's subject matter jurisdiction. Resolution of facial challenges to jurisdiction depends on a complaint's allegations and does not involve resolution of factual disputes. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a

facial challenge, the court must assume the allegations in the complaint are true and "draw all reasonable inferences in [plaintiff's] favor." *Id*.; *Whisnant v. U.S.*, 400 F.3d 1177, 1179 (9th Cir. 2005). Even when faced with a facial challenge, however, courts may look beyond the face of the pleadings and consider "exhibits attached to the complaint, matters subject to judicial notice, [and] documents necessarily relied on by the complaint and whose authenticity no party questions." *Bautista–Perez v. Holder*, 681 F.Supp.2d 1083, 1087 (N.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001)); *see also Barron v. Riech*, 13 F.3d 1370, 1377 (9th Cir.1994). Thus, review of DPHHS' motion is informed by the state court documents that the parties have submitted and over which this Court takes judicial notice. And where, as here, Arveson, as plaintiff, is proceeding *pro se*, the Court liberally construes the allegations in her Complaint. *Wolfe*, 392 F.3d at 362.

As noted, DPHHS first argues that the domestic relations exception to federal subject matter jurisdiction applies. The Court agrees. Federal district courts have no jurisdiction over child custody issues, which are exclusively matters of state law. *See Ankenbrandt v.*

*Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."). Here, Arveson's allegations raise issues of child custody and placement. For her relief, she seeks return of her children to her. In doing so, she is challenging state court decisions regarding custody and placement of her children. The domestic relations exception deprives this Court of subject matter jurisdiction to consider her claims.

DPHHS also argues that the *Younger* abstention doctrine applies. Although Arveson purports to assert claims against DPHHS under 42 U.S.C. § 1983 (*ECF No. 1 at 7*), her allegations and DPHHS' responses thereto indicate that the dispute respecting custody of her children is still pending in state court. Under the *Younger* abstention doctrine, she must use available state court process to appeal or challenge the state court's decisions.

*Younger v. Harris* held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances. 401 U.S. 37, 49, 53 (1971). The *Younger* doctrine has since been extended to civil actions. *See Gilbertson v. Albright*, 381

F.3d 965, 971-72 (9th Cir. 2004) (en banc).  Federal courts ordinarily must refrain from exercising jurisdiction in actions for injunctive or declaratory relief that would interfere with pending state judicial proceedings.  *See Gilbertson*, 381 F.3d at 975, 978.  In the Ninth Circuit, *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: (1) there are ongoing state judicial proceedings; (2) an important state interest is involved; and (3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

Here, the foregoing factors are met.  Arveson's allegations and DPHHS' submissions indicate that the child custody proceedings that Arveson challenges are ongoing in state court.  Such disputes implicate important state interests.  And Arveson has the opportunity to raise any federal issue she may have in those proceedings, and she has not demonstrated that she cannot.  Thus, this Court lacks subject matter jurisdiction over this matter under *Younger*.

Whether to afford Arveson an opportunity to amend her Complaint lies within the Court's discretion.  *Foman v. Davis*, 371 U.S.

178, 182 (1962). In accordance with the above discussion, because this Court lacks subject matter jurisdiction, the Court concludes that amendment would be futile. And, in light of this conclusion, the Court denies Arveson's remaining motions for want of jurisdiction.

## V. CONCLUSION

Based on the foregoing, IT IS ORDERED that: (1) DPHHS' motion to dismiss (*ECF No. 7*) is GRANTED; (2) Arveson's motion to strike (*ECF No. 12*) is DENIED; (3) Arveson's motion to object (*ECF No. 15*) is DENIED; and (4) Arveson's request to combine cases (*ECF No. 16*) is DENIED.

The Clerk of Court shall enter Judgment accordingly and close this file.

DATED this 5th day of July, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge